IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MARTEL CONSTRUCTION, INC., | ) | Cause No. CV 04-57-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WALKER USA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| WALKER USA, LLC, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARTEL CONSTRUCTION, INC., | ) | |
| | ) | |
| Counter Defendant. | ) | |
| _____ | ) | |

Judge Erickson entered Findings and Recommendation (dkt #93) on Defendant Walker USA's motion for partial summary judgment (dkt #41) on August 1, 2005.[1]

Defendant did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear

---

[1] The Parties are familiar with the facts. They will be addressed only as necessary.

error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## Motion for Partial Summary Judgment

**A.  Applicable Law**

A party moving for summary judgment is entitled to such if the party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party.  *Id.* at 252.

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has met his initial burden with a

properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, at 248.  The nonmoving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions.  *Id*.

In evaluating the appropriateness of summary judgment the Court must first determine whether a fact is material; and if so, it must then determine whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the Court.

As to materiality, the applicable substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment.  Factual disputes which are irrelevant or unnecessary to the outcome are not considered.  *Anderson*, at 248.

If a fact is found to be material, summary judgment will not lie if the dispute about that fact is genuine.  In other words, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment should not be granted.  *Id*.  In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail

as a matter of law.  *Id*. at 251-252.  Though the *Anderson* Court stated that at the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial, it also stated that if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *Id.* at 249-50.

**B.   Analysis**

Judge Erickson correctly recommended approval of Walker's motion for partial summary judgment regarding the reduction of Martel's construction lien.  The undisputed facts show Martel is not entitled to record a lien of $715,078.07 because Martel's subcontractors have been paid $307,666.75.

Montana law mandates that Martel is only entitled to a construction lien for the unpaid portion of the contract.  As noted in the Findings and Recommendation, the construction lien statute provides that the purpose of a lien is to account for the unpaid portion of the contract price.  Mont. Code Ann. § 71-3-526(1) (2005).

The facts show that Martel originally recorded a lien in the amount of $615,772.00.  Neither party disputes the validity of this lien.[2]  This figure was an estimate and was later amended to

---

[2] Martel later recorded a lien for $1,283,919.16, but this lien was invalid because it was not recorded within the statutory ninety-day filing period.

$715,078.07 based upon a final pay application.  Judge Erickson noted that this amendment was late but reasonably proceeded to use this figure in his analysis because Martel agreed that this figure covered all outstanding costs.

It is further undisputed that Martel's subcontractors have received $307,666.75.[3]  Martel has admitted this and acknowledges that it cannot seek damages for those costs at trial.  In a June 2005 Affidavit, Martel further acknowledges that contract damages are limited to the differences in these amounts, $407,411.32, which represents the remaining unpaid costs for labor and materials.

Therefore, based upon a clear error review, Walker has demonstrated that the amount of the construction lien should be reduced by the $307,666.75 payment made to the subcontractors.  This reduces the construction lien from $715,078.07 to $407,411.32.

### Conclusion

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Judge Erickson's Findings and Recommendation are adopted in

---

[3]Martel did question who paid the costs and it appears that another company, LW Developments Inc., paid the subcontractors.  Regardless of who made the payments, Martel has acknowledged that its subcontractors have been paid $307,666.75.  In Martel's response brief it also questioned whether the subcontractors were fully paid based upon the last progress payment, but Judge Erickson's analysis bases the lien amount, $715,078.15, upon a later date, which accounts for the last progress payment.

full.  Defendant's motion for partial summary judgment (dkt #41) is GRANTED and the amount of the construction lien is reduced to $407,411.32.

Dated this 24th day of February 2006

_____
DONALD W. MOLLOY, Chief Judge
United States District Court